THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK LABICKI, Appellant, v. JOSEPH H. BROPHY, Warden of Auburn Prison, Auburn, New York, Respondent. — Order affirmed, without costs. Memorandum: We construe the provisions of section 231 of the Prison [Correction] Law as converting the consecutive terms into a single term for all purposes involved in this proceeding. All concur. (The order dismisses writ of habeas corpus and remands relator to custody.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ROCCO LAFORTUNA, Appellant, v. JOSEPH H. BROPHY, Warden of Auburn State Prison, at Auburn, New York, Respondent.— Order affirmed, without costs. Memorandum: The record does not disclose the conditions of release. We find nothing in the record to show that the relator is not properly held in custody under the sentence. As to the discretion exercised by the Board of Parole, we have no jurisdiction to review the same. All concur. (The order dismisses writ of habeas corpus and remands relator to custody.) Present — Sears, P. J., Edgcomb, Thompson, Crosby and Lewis, JJ.

SOPHIE BANASZAK, Respondent, v. DAVE GLICKSTEIN, Appellant.— Order reversed, with ten dollars costs and disbursements, and motion granted in part, without costs. Memorandum: An order dated May 29, 1936, directed plaintiff to serve a bill of particulars setting forth, among other matters: " (4) * * * each item * * * that constitutes plaintiff's claim for damages in the sum of $10,000," and " (5) which * * * injuries claimed by the plaintiff are permanent and the nature of the same." In response to that order plaintiff's bill of particulars alleges: " 4. That the plaintiff's claim for damages in the sum of $10,000 is for pain and suffering and disability. 5. That the injuries to plaintiff's left ankle and leg and back are, on information and belief, permanent injuries." Believing that plaintiff's bill of particulars is insufficient to apprise defendant of certain items upon which the court has directed plaintiff to inform the defendant, we conclude that an order may issue precluding plaintiff from giving evidence upon the trial as to any alleged disability suffered by her and as to alleged permanent injuries to her left ankle, leg and back, unless within twenty days from notice to her of the entry of this order a proper bill of particulars is served stating the nature and duration of plaintiff's alleged disability and the nature of the alleged injuries to her left ankle, leg and back which it is claimed are permanent. All concur. (The order denies defendant's motion for a preclusion order in a negligence action.) Present — Sears, P. J., Thompson, Crosby, Lewis and Cunningham, JJ.

In the Matter of the Application of HAZEL BAILEY, Appellant, for a Certiorari Order against FRANK P. GRAVES, Commissioner of Education of the State of New York, Respondent.— Orders affirmed, with ten dollars costs and disbursements. All concur. (The orders deny application for certiorari order to review action of school meeting designating new site for school house.) Present — Sears, P. J., Thompson, Crosby, Lewis and Cunningham, JJ.